**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MIDLAND NATIONAL LIFE   )
INSURANCE COMPANY,    )
              )
       Plaintiff,  )
              )
v.            )  Case No.  08-1367-MLB-DWB
              )
QUANETT JOHNSON-MARIN,  )
*et al.*,           )
              )
       Defendants. )
_____ )

## MEMORANDUM AND ORDER

   Presently before the court are the following motions:

    1.  Plaintiff's Motion for Leave to File Amended Complaint
       (Doc. 40), to which Defendants filed no response and the
       time to do so has expired pursuant to D.Kan. Rule 6.1.(d)(1);

    2.  Motion for Leave to File Responses to Discovery Requests
       Out of Time or in the Alternative to Withdraw and/or
       Amend its Deemed Admissions filed by Defendants 321
       Henderson Receivables Origination, LLC and R.C.
       Henderson Trust[1] (Doc. 41) with response in opposition
       filed by Defendant Rito Duque Ramirez (Doc. 44); and

    3.  Defendant Ramirez's Motion for Leave to File Amended
       Crossclaim (Doc. 43), to which none of the remaining

---

  [1]  These Defendants are hereinafter collectively referred to as "the Henderson
Defendants."

parties have responded and the time to do so has expired pursuant to D.Kan. Rule 6.1(d)(1).

Having reviewed the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

Plaintiff's claims result from a settlement agreement reached between certain parties stemming from a wrongful death worker's compensation claim in the amount of $146,460.00; the underlying settlement is not at issue in the present lawsuit. (*See* Doc. 1.) A designated portion of the wrongful death settlement was used to purchase certain income annuity policies from Plaintiff Midland National. (*Id.*, at 3-4.) According to Plaintiff, the proceeds from the annuities were to be distributed on a monthly basis for the benefit if the decedent's minor children. (*Id.*, at 4.)

Decedent's surviving spouse, Rosa Ramirez Rodriguez, apparently executed a Power of Attorney in favor of Defendant Quanett Johnson-Marin in January 2006.[2] (*Id.*, at 3.) Thereafter, Defendant Johnson-Marin is alleged to have sold the annuities to Defendant 321 Henderson Receivables Origination LLC with an assignment to Defendant R.C. Henderson Trust. (*Id.*) Plaintiff contends that the effect of these actions "was to change the owner, payee and

---

[2] Defendant Johnson-Marin has not entered an appearance in this case or Answered Plaintiff's Complaint. The District Court entered Default Judgment against Defendant Johnson-Marin on March 23, 2009. (Doc. 21.)

beneficiary of each annuity to R.C. Henderson Trust, which would then receive all future payments with nothing further being provided for the benefit of the minor children." (*Id.*, at 5.)

Defendant Rito Duque Ramirez is the uncle of the decedent's surviving spouse, Rosa Rodriguez, and is representing the interest of decedent's minor children. Plaintiff contends that Ramirez possesses the power of attorney for Ms. Rodriguez. (*Id.*, at 3.) Ramirez made certain complaints regarding the sale of the annuities. Once Plaintiff became aware of Ramirez's complaints, it conducted an investigation and suspended payments under the annuities because of "the real possibility of competing claimants for the funds . . ." (*Id.*, at 5.) Plaintiff Midland National filed its Complaint for Interpleader, Declaratory and Injunctive Relief regarding the funds on November 19, 2008. (Doc. 1.)

After some discovery, the parties reached a proposed settlement which would have resulted in a division of the payments under the annuity policies between the Henderson Defendants and decedent's minor children. A hearing was held before the Honorable Monti L. Belot on October 19, 2009, at which time Judge Belot refused to approve the proposed settlement. Thereafter, the undersigned magistrate judge held a status conference on December 1, 2009,

and entered a Revised Scheduling Order on December 2, 2009. (Doc. 35.) The Scheduling Order set a deadline of January 15, 2010 for service of written discovery pursuant to Fed. R. Civ. P. 33, 32 or 36. (Doc. 35, at 2 ¶ II(b).)

Defendant Ramirez served discovery requests, including interrogatories and requests for admissions, on the Henderson Defendants on January 15, 2010. (Doc. 37.) The Henderson Defendants admittedly did not timely respond to the Requests for Admission, which would have been due on or before February 15, 2010. (Doc. 42, at 4.) At a telephone conference on February 24, 2010, the Henderson Defendants discovered that they had failed to respond to the discovery served by Ramirez. The undersigned magistrate judge then set deadlines for the Henderson Defendants to file any motion for leave to serve discovery responses out of time and for all parties to file motions to amend the pleadings. The present motions were all filed within the time set by the Court.

Plaintiff and Defendant Ramirez contend that the Henderson Defendants, by failing to respond to the Requests for Admissions, have admitted to failing to comply with K.S.A. 40-461 *et seq*., the Structured Settlement Protection Act, in regard to Henderson's alleged purchase of the annuities. (*See* Doc. 40, at 2; Doc. 43, at 2.) As a result, Plaintiff moved to amend its Complaint and Defendant Ramirez moved for leave to file an Amended Crossclaim. (*See*

*generally*, Docs. 40, 43.) The Henderson Defendants have also moved to respond to Ramirez's discovery requests out of time or, in the alternative, to amend and/or withdraw their deemed admissions. (Doc. 41.) Because the motion by the Henderson Defendants will effectively resolve the motions to amend, the Court will address the Henderson Defendants' motion first.

## DISCUSSION

### A. Motion for Leave filed by the Henderson Defendants (Doc. 41).

The Henderson Defendants frame the issue before the Court as "whether, in the circumstances present in this case, there was neglect and whether the neglect was excusable, permitting this Court to grant Henderson additional time to respond to Ramirez' discovery requests." (Doc. 42, at 6.) Defendant Ramirez responds that Henderson's failure to timely respond "is not unique to this instance," while enumerating various matters in which the Henderson Defendants have been remiss in regard to Court deadlines. (Doc. 44, at 2.)

In seeking leave to file responses to Ramirez's Requests for Admission out of time, the Henderson Defendants rely on the provisions of Fed. R. Civ. P. 6(b)(1)(B), which allow the Court to extend the time for the doing of an act, even where the party seeking the extension does not file a motion for extension until after the time has expired. However, to do so, the Court must find that the

requesting party "failed to act because of excusable neglect." *Id.* This Court's

local rules contain a similar provision. D. Kan. Rule 6.1 covers motions for

extensions of time, and "provides that an extension of time will not be granted

unless the motion is made before the expiration of the specified time, except

upon a showing of excusable neglect."

The U.S. Supreme Court addressed the issue of "excusable neglect" in

***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership***, 507 U.S. 380,

113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The ***Pioneer*** court noted that the

common meaning of "neglect" is "'to give little attention or respect' to a matter,

or . . . 'to leave undone or unattended to *esp[ecially] through carelessness.*'"

***Id***. at 388, 113 S.Ct. at 1494-95 (emphasis in ***Pioneer***) (quoting Webster's Ninth

New Collegiate Dictionary 791 (1983)); *see also **City of Chanute, Kansas v.***

***Williams Natural Gas Co.***, 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting

***Pioneer***). The ***Pioneer*** court also noted that although inadvertence, ignorance

of the rules or mistakes construing the rules do not usually constitute excusable

neglect, that concept "is a somewhat 'elastic concept' and is not limited strictly

to omissions caused by circumstances beyond the control of the movant." 507

U.S. at 392. Finally, ***Pioneer*** concluded that the determination of excusable

neglect was, at bottom, an equitable determination, taking account of all

relevant circumstances concerning the party's omission. 507 U.S. at 395. The

circumstances to consider are (1) danger of prejudice to the opposing party, (2)

the length of the delay and its potential impact on the proceedings, (3) the

reason for the delay, including whether it was within the reasonable control of

the movant, and (4) whether the movant acted in good faith. *Id. See also Espy*

*v. Mformation Technologies*, No. 08-2211-EFM-DWB, 2009 WL 2912506

(Sept. 9, 2009).

In this case, the Henderson Defendants provide the following explanation

as to why they did not respond to the Requests for Admissions and/or seek an

extension to do so in a timely manner:

> Counsel for Henderson admittedly neglected to
> properly notate and docket the response date to
> Ramirez's [discovery] requests. In particular, counsel
> failed to note that the requests included requests for
> admissions and instead only docketed that responses
> were due to written interrogatories propounded upon
> Henderson with the requests for admissions. This error
> was discovered on February 24, 2010, when counsel
> for the parties were on a telephone conference waiting
> for the Magistrate to join the call in order to conduct a
> scheduling and status conference. Prior to the
> beginning of the conference, counsel for Henderson,
> realizing the February 15, 2010 had passed, advised
> counsel for Ramirez that he would soon have
> responses to Ramirez's interrogatories. However,
> counsel for Ramirez objected and advised that the
> discovery requests also included requests for
> admissions, and since the date for responding had

passed, by rule the requests were to be deemed
admitted. When the Magistrate joined the conference
call, the parties advised the Court of the situation and
that counsel failed to note that responses to the
requests for admissions were due and passed. At that
time, counsel for Henderson orally requested leave
from the Court to respond to the requests.

(Doc. 42, at 4-5.) Under these circumstances, the Court cannot find that the

Henderson Defendants have established excusable neglect.

This Court recently discussed various decisions from this District

involving clerical or docketing issues resulting in discovery responses going

unanswered.

The definition and application of the concept of
"excusable neglect," a phrase used in several rules and
statutes, has engendered a substantial volume of
opinions, many of which are difficult to reconcile.
This court has previously found excusable neglect due
to counsel's mistaken calculation of a due date. *See*
***Potter v. Health Care Authority***, No. 03-1326-WEB-
DWB, Doc. No. 61, Order of February 8, 2005;
***McCloud v. Board of Geary Co. Comm's***, No. 06-
1002-MLB-DWB, Doc. No. 69, Order of August 21,
2007. Similarly, Judge Brown has found excusable
neglect where a counsel's support staff made a clerical
error in calendaring the due date. ***Mohankumar v.
Dunn,*** No. 97-1555-WEB, 1999 WL 1253053, at * 1
(D.Kan. Dec. 22, 1999). Judge Lungstrum found
excusable neglect concerning a response date due to
miscommunication in counsel's office and lack of
familiarity with the local rules, noting that ***Pioneer*** had
acknowledged that some occasions justify a finding of
excusable neglect even when a party's delay is caused

by ignorance of the rules. ***White v. O'Dell Industries, Inc.***, No. 99-2315-JWL, 2000 WL 127267, at * 2 (D.Kan. Jan. 14, 2000) (*citing **Pioneer***, 507 U.S. at 392).

On the other hand, Judge Crow has concluded that counsel's failure to read clear procedural rules is not excusable neglect. ***Thomas v. Board of Educ, U.S.D. 501***, 177 F.R.D. 488, 490-91 (D. Kan. 1977). And, in a recent case also involving the issue of the 3-day extension where pleadings are mailed, Judge Rushfelt has held that counsel's error in misconstruing Fed. R. Civ. P. 6(d) did not constitute excusable neglect. ***City of Shawnee, Kansas v. Argonaut Insurance Co.***, No. 06-2389-GLR, 2008 WL 2699906, at * 4 (D.Kan. Jul. 2, 2008). In both of these cases, the error was one of interpretation of the rules governing the time to file. In both cases, the court noted that the rules and case law were clear and unambiguous if only counsel had conducted quick research of law.

*Espy*, 2009 WL 2912506, at *11.

In the matter at hand, the Court can agree that the Henderson Defendants *neglected* Ramirez's discovery requests, but it cannot agree that they have provided any legitimate *excuse* for said neglect under the facts of this case. As previously noted, the Henderson Defendants had missed prior deadlines in this case. They did not file their Rule 26(a)(1) disclosures until December 20, 2009 (Doc. 36), more than six months after the deadline set in the initial Scheduling Order (Doc. 20, at 2, ¶ II(a)), and then only after other parties filed a motion to compel these disclosures. (Doc. 24.) Furthermore, after the District Judge

refused to approve an offer that would allow the Henderson Defendants to receive some of the annuity payments, the Henderson Defendants should have been aware that the case would be proceeding to trial and should have given heightened attention to any discovery requests by other parties. Here, the Henderson Defendants did not merely misinterpret a rule, they completely ignored a deadline. While the definition of excusable neglect is admittedly "elastic," it does not stretch far enough to encompass the failures of the Henderson Defendants in this case. The Henderson Defendants' motion for leave to file responses out of time to the requests for admission of Defendant Ramirez is, therefore, **DENIED**.

In their motion, the Henderson Defendants alternatively seek permission to withdraw their deemed admissions pursuant to Fed. R. Civ. P. 36(b). In making this request, the Henderson Defendants argue that withdrawal of their deemed admissions will promote the presentation of the merits of the action and will not prejudice other parties in the case in their defense of the case. They further suggest that any claimed prejudice to the other parties can be remedied by simply expanding the time to conduct any additional discovery. (Doc. 42 at 13.) Defendant Ramirez disagrees, claiming that further delay will result in

prejudice because the annuity payments were for the care of decedent's minor children and those children have received no payments since 2008.

The Tenth Circuit has considered the provisions of Fed. R. Civ. P. 36(b) and what is required to withdraw an admission.  In **Raiser v. Utah County**, 409 F.3d 1243, 1246 (10th Cir. 2005), the Court noted that withdrawal of an admission may be allowed when (1) the presentation of the merits of the action will be subserved thereby and (2) when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.   We consider each of these standards in turn.

The Henderson Defendants claim that failing to withdraw the admissions may result in a "significant danger of prejudice," a "definite danger of prejudice," and that this may "prevent Henderson from introducing evidence based in fact which proves otherwise [i.e., that the transaction was not a structured settlement]." (Doc. 42 at 9.)   In making these statements, the Henderson Defendants do not specify which particular admission they are addressing.  Instead, the Henderson Defendants argue that it should be allowed "to deny any request, albeit out of time, that does not accurately characterize the documentary evidence present in this case." (Doc. 42, at 8.)  However, at the

same time, the Henderson Defendants argue that this matter can be resolved "as a matter of law based solely upon documentary evidence . . . ." (Doc. 42, at 8.) This legal question is whether the subject transactions fall within the scope of the Kansas statute dealing with structured settlements. In the proposed amended complaints, both Plaintiff and Ramirez claim that the statute applies; the Henderson Defendants deny that the statute applies. Ramirez points out in his response that the requests are based on documents produced during discovery and the language of the Kansas statute, and that even without withdrawing the deemed admissions, "Henderson Defendants still have the right to argue whether Kansas law applies in this case . . . ." (Doc. 44, at 5.)

In considering a request to withdraw admissions, another court in this circuit has noted that determining whether withdrawal of admissions will help the action be resolved on the merits can be a complicated inquiry. ***Pedroza v. Lomas Auto Mall, Inc.***, 258 F.R.D. 453, 465 (D.N.M. 2009). In considering that question, the court suggested that if the issues in the case were pure legal questions, withdrawal of admissions may not be necessary. *Id*., at 466 n. 2. The court has those same concerns in this case. The Henderson Defendants have not adequately identified a particular admission of fact that, if not withdrawn, would prevent the resolution of this case on the merits. To the

extent that this is a question of statutory interpretation, it appears to be simply a legal question. While they suggest that the deemed admissions are contrary to documents in the case, the Henderson Defendants have not come forward with any specific instances of such conflict.[3] The court concludes that the Henderson Defendants have failed to establish that refusal to allow withdrawal of their deemed admissions will "eliminate any presentation of the merits of the case." *See* **Raiser**, 409 F.3d at 1246, *citing* **Perez v. Miami-Dade County**, 297 F.3d 1255, 1266 (11th Cir. 2002).

Because the first factor has not been proven, it is not at all clear to the court that it even need address the second factor, i.e., whether there will prejudice to Ramirez if the Henderson Defendants' deemed admissions are withdrawn. While the case has not been set for trial, discovery is effectively complete and the court is prepared to set a final pretrial conference and dispositive motion date. The court is uncertain as to what discovery would be required if the admissions are withdrawn, but any additional discovery would further delay trial of this case. Absent any proof that failure to allow

---

[3] The court notes that the Henderson Defendants failed to file any reply concerning this motion in order to contest the arguments by Ramirez that the admissions are based on documents produced during discovery and that arguments still can be made about application of the Kansas statute.

withdrawal will prevent a trial on the merits in this case, any further delay in the trial would appear to prejudice the children of the deceased by further delaying any possibility that they would receive annuity benefits under the policies.

This delay alone, however, is not the type of prejudice contemplated in considering withdrawal of admissions under Rule 36(b). As the Tenth Circuit noted in *Raiser*, the prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case as a result of the withdrawal of the admissions and particularly such things as the unavailability of key witnesses. 409 F.3d at 1246. In this regard, *Raiser* teaches that more than a failure to meet deadlines is required in order to deny a party relief from an admission. 409 F.3d at 1247.

In this case neither the Henderson Defendants nor Ramirez have been specific in identifying specific admissions that are presumably critical to the case. They disagree about whether these requests are consistent with documents produced during discovery or are contrary to those documents. Thus, it is difficult to assess the prejudice that Ramirez (or the decedent's children) will suffer under the *Raiser* standards. However, it is clear that the key player in this case is Defendant Johnson-Marin. According to allegations, she is the one who abused her power of attorney by selling the annuities and keeping the

proceeds rather than assuring that the proceeds went for the benefit of decedent's minor children.  No one has been able to locate Johnson-Marin to serve her with process in this case and she has apparently absconded.  It is probable that critical documents in this case are ones signed by her, yet she is unavailable to be deposed or testify concerning the subject transaction.  This suggests that further discovery may be futile to the extent that the discovery relates to actions by Johnson-Marin.  This fact, coupled with the absence of proof that refusal to allow withdrawal with interfere with presentation of this case on the merits, is sufficient to find that the admissions should not be withdrawn.

The Court therefore concludes that the Henderson Defendants' alternative request to withdraw their deemed admissions should also be **DENIED**.

**B.**     **Plaintiff's Motion for Leave to Amend Complaint (Doc. 40)**.

Fed. R. Civ. P. 15(a)(2) provides that a court should "freely give leave when justice so requires."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely

given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222

(1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

Further, "[i]f a respondent fails to file a response within the time required

by Rule 6.1(d), the motion will be considered and decided as an uncontested

motion, and ordinarily will be granted without further notice."  D.Kan. Rule 7.4.

As stated previously, Defendant has not filed a response to Plaintiff's motion to

amend and the time to do so has expired.  As such, Plaintiffs' motion is both

unopposed and facially valid.  The Court, therefore, **GRANTS** Plaintiffs'

Motion to Amend (Doc. 40).

### C.    Defendant Ramirez's Motion for Leave to File Amended Crossclaim (Doc. 43).

Defendant Rito Duque Ramirez has filed his Motion for Leave to File

Amended Crossclaim "in order to conform with recently discovered evidence . .

."  (Doc. 43, at 1.)  Defendant Ramirez argues that by failing to timely respond

to Requests for Admission, the Henderson Defendants "thereby admitt[ed] they

failed to comply with the Kansas Structured Settlement Protection Act, K.S.A.

40-461 *et seq*, rendering their claim to any portion of the interpleaded funds

invalid."  (*Id*., at 2.)[4]  No response has been filed to this motion and the time to

---

[4] Obviously, if the Henderson Defendants can establish as a matter of law that the Kansas statute is not applicable to the present transactions, then their failure to comply with the statute is immaterial.

do so has expired.  D.Kan. Rule 6.1(d)(1).  "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  D.Kan. Rule 7.4.

As discussed above, the Court has denied the Henderson Defendants' request to file discovery responses out of time or otherwise withdraw and/or amend their deemed admissions.  Thus, in addition to being unopposed, Defendant Ramirez's motion is also facially valid.  The Court, therefore, **GRANTS** Defendant Ramirez's Motion for Leave to File Amended Crossclaim (Doc. 43).

**IT IS THEREFORE ORDERED** that the Motion for Leave to File Responses to Discovery Requests Out of Time or in the Alternative to Withdraw and/or Amend its Deemed Admissions filed by Defendants 321 Henderson Receivables Origination, LLC and R.C. Henderson Trust (Doc. 41) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 40) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion of Defendant Rito Duque

Ramirez for Leave to File Amended Crossclaim (Doc. 43)  is hereby

**GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 19ᵗʰ day of April, 2010.

S  DONALD W. BOSTWICK

U.S. MAGISTRATE JUDGE
