# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

MIDLAND NATIONAL LIFE INSURANCE )
COMPANY, an Iowa Corporation, )
)
                     Plaintiff, )  **CIVIL ACTION**
)
v. )  No. 08-1367-MLB
)
QUANETT JOHNSON-MARIN; RITO DUQUE )
RAMIREZ, 321 HENDERSON )
RECEIVABLES ORIGINATION, LLC; AND )
R.C. HENDERSON TRUST, )
)
                     Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Rito Duque Ramirez' motion to reconsider pursuant to D. Kan. Rule 7.3(b). (Doc. 64). Plaintiff Midland National Life Insurance Co. ("Midland") also moves to reconsider and adopts Ramirez' arguments. (Doc. 65). Defendants 321 Henderson Receivables Origination, LLC and R.C. Henderson Trust (collectively "Henderson") have responded and the motion is ripe for decision. (Doc. 67). For the reasons stated herein, Ramirez' and Midland's motions to reconsider are denied.

## I. Introduction

Ramirez' motion for reconsideration states that the court erred in its application of Kansas' Structured Settlement Protection Act ("SSPA"), K.S.A. 40-461 et seq. Specifically, K.S.A. 40-467 should not exclude the settlement because it is not a typical Kansas workers compensation award. Alternatively, Ramirez requests that the court apply North Carolina's SSPA to the issue raised by the parties in

their motions for summary judgment.

## II. General Standards of Law

Motions to reconsider are governed by Local Rule 7.3(b), which states in pertinent part, "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Furthermore, the court's summary judgment order informed the parties that any motion to reconsider should comply with the standards enunciated in Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). In Comeau, this court said:

> The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.

Comeau, 810 F. Supp. at 1174-75 (internal quotations and citations omitted). "'A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.'" Cline v. S. Star Cent. Gas Pipeline, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting Sithon Mar. Co. v. Holiday Mansion, 177 F.R.D. 504, 505 (D. Kan. 1998)).

## III. Analysis

The Kansas SSPA provides that "[n]o provision of this act shall apply to any settlement of any claim for or award of workers

compensation." K.S.A. 40-467. The plain language states that the SSPA does not apply to any settlement of workers compensation. Ramirez' cites no cases in support of his position that K.S.A. 40-467 only applies to awards of workers compensation that are paid out weekly until the award is fully paid. Nor does the statutory language support Ramirez' position.

In this case, the settlement funds paid out by the employer were used to purchase annuities for the decedent's children. However, this does not change the fact that the settlement was pursuant to a workers compensation claim. Therefore, the court finds that it did not err by concluding that the Kansas SSPA does not apply to the settlement at issue in this case.

Alternatively, Ramirez' requests that the court apply North Carolina's SSPA.[1] The court denies his request.

The sole issue raised by the parties in their cross motions for summary judgment was whether K.S.A. 40-461 et seq. was applicable to the sale of annuities from Quanett Johnson-Marin to Henderson. At no point did the parties assert that North Carolina law governed the sole issue and it is not appropriate for Ramirez to do so now because he is unhappy with the outcome on his motion for summary judgment. This is not a basis for reconsideration.

**IV. Conclusion**

There has been no intervening change of law, no new evidence, or need to prevent clear error or manifest injustice. Ramirez' and

---

[1] The settlement was entered into in North Carolina and approved by the North Carolina administrative agency.

Midland's motions to reconsider (Docs. 64, 65) are denied.

IT IS SO ORDERED.

Dated this  22nd  day of December 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE